

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/11/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 10-33878 |
| R&K FABRICATING, INC., *et al* | § | CHAPTER 11 |
| | § | |
| Debtor(s). | § | JUDGE ISGUR |
| | § | |
| MICHAEL J. DURRSCHMIDT | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 12-3177 |
| | § | |
| FROST NATIONAL BANK, *et al* | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

Michael Durrschmidt, chapter 11 Trustee for the estate of R&K Fabricating, Inc., moves for summary judgment on his preference suit against Service Steel Warehouse Co., L.P. Service Steel Warehouse filed an abstract of judgment against R&K's property in Liberty County less than 90 days before R&K filed for bankruptcy. The Trustee seeks to avoid the judgment lien. There are two issues: (i) whether the Liberty County property was validly conveyed to R&K; and (ii) whether R&K was insolvent when the abstract of judgment was filed. There is no genuine dispute of material fact as to either of these issues, and the Court grants summary judgment.

## Jurisdiction

The District Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This matter has been referred to the Bankruptcy Court by General Order 2005-06. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and § 157(b)(2)(K).

## Bankruptcy Court's Authority

This Court may not issue a final order or judgment in matters that are within the exclusive authority of Article III courts. *Stern v. Marshall*, 131 S.Ct. 2594, 2620 (2011). The Court may, however, exercise authority over essential bankruptcy matters under the "public rights exception." Under *Thomas v. Union Carbide Agricultural Products Co.*, a right closely integrated into a public regulatory scheme may be resolved by a non-Article III tribunal. 473 U.S. 568, 593 (1985). The Bankruptcy Code is a public scheme for restructuring debtor-creditor relations, necessarily including "the exercise of exclusive jurisdiction over all of the debtor's property, the equitable distribution of that property among the debtor's creditors, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts." *Central Va. Cmty. College v. Katz*, 546 U.S. 356, 363-64 (2006); *see Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71 (1982) (plurality opinion) (noting in dicta that the restructuring of debtor-creditor relations "may well be a 'public right'"). *But see Stern*, 131 S.Ct. at 2614 ("We noted [in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56 n.11 (1989)] that we did not mean to 'suggest that the restructuring of debtor-creditor relations is in fact a public right.'").

This adversary proceeding falls within the Bankruptcy Court's constitutional authority. This proceeding is integrally bound up in the bankruptcy process and can be resolved through the exercise of the Court's *in rem* jurisdiction over the bankruptcy estate. *See West v. Freedom*

*Medical, Inc. (In re Apex Long Term Acute Care—Katy, L.P.)*, 465 B.R. 452, 460 (Bankr. S.D. Tex. 2011) (determining constitutional authority by examining whether a matter can be resolved through the exercise of *in rem* jurisdiction or whether the substantive outcome of the issue is in any way affected by bankruptcy law).

Preference actions fall within the Bankruptcy Court's constitutional authority. *Id.* at 466. The cause of action is established by the Bankruptcy Code and is integral to the bankruptcy scheme. *Id.* at 463. Preference actions can be resolved through the exercise of the Court's *in rem* jurisdiction or through the exercise of *in personam* process that is ancillary to and in furtherance of the Court's *in rem* jurisdiction. *Id.* at 466-68 (citing *Katz*, 546 U.S. at 371-72).

Furthermore, the Court has the authority to determine the validity of liens on property of the estate. An action to determine the extent, validity, and priority of liens on property of the estate falls within the Bankruptcy Court's *in rem* jurisdiction over the estate. *Blue Ridge Lumber Prods. v. Nelson*, 213 F.2d 451, 453 (2d Cir. 1954). The property at issue in this proceeding is property of the estate. Because the validity of the liens may be determined through the exercise of the Court's *in rem* jurisdiction, the Court has constitutional authority to enter a final judgment.

The Court can decide the validity of the Defendants' liens by exercising its *in rem* authority over the property of the estate. This matter therefore falls within the Court's constitutional authority, and the Court may enter a final judgment.

## Background

R&K Fabricating filed for bankruptcy on May 5, 2010. Case No. 10-33878. Ricardo Gonzalez filed an individual case on the same day. Case No. 10-33880. That case is jointly administered with R&K's bankruptcy case.

Michael Durrschmidt was appointed chapter 11 Trustee on March 31, 2011. Case No. 10-33878, ECF No. 106. The Court approved R&K's disclosure statement on May 21, 2012. R&K's plan confirmation hearing is scheduled for July 12, 2012.

The Trustee filed this adversary proceeding against Tokio Marine & Nichido Fire Insurance Co., Ltd.; Universal Forklift Supply, LLC; Frost National Bank; Superior Steel Supply, Inc.; Service Steel Warehouse Co., L.P. on April 4, 2012. ECF No. 1. The Trustee filed an amended complaint on April 5, 2012. ECF No. 3. On the Trustee's motion, the Court dismissed Frost National Bank as a party on May 11, 2012, ECF No. 43, and dismissed Superior Steel Supply on May 21, 2012, ECF No. 49.

Service Steel Warehouse asserts a judgment lien against R&K's property. R&K claims ownership of a tract of real property in Dayton, Liberty County, Texas ("Property"). Mr. Gonzalez allegedly transferred the Property to R&K on May 16, 2005, executing a special warranty deed that conveyed "all that certain Lot, Tract or Parcel of Land located in Dayton, Liberty County, Texas and specifically described by metes and bounds contained within Exhibit A[.]" ECF No. 3, at 5. There was no Exhibit A attached to the special warranty deed, and the deed did not contain any metes and bounds description of the Property.

Service Steel Warehouse obtained a judgment against both R&K and Mr. Gonzalez on April 18, 2008, and it recorded an abstract of judgment in Liberty County against R&K and Mr. Gonzalez on February 4, 2010, less than 90 days before R&K filed for bankruptcy. The Trustee alleges that the liens are avoidable under § 547 of the Bankruptcy Code because they were recorded within the 90-day preference period.

Service Steel Warehouse filed an answer on April 30, 2012. ECF No. 36. Service Steel Warehouse asserts two affirmative defenses. First, Service Steel Warehouse asserts that Mr.

Gonzalez was solvent at the time Service Steel Warehouse recorded its judgment lien. Second, Service Steel Warehouse asserts that Mr. Gonzalez's purported transfer of the Property on May 16, 2005 is void due to its failure to comply with the statute of frauds. According to Service Steel Warehouse, the deed did not sufficiently describe the property to be conveyed.

The Trustee filed an unopposed motion for leave to file the second amended complaint on May 9, 2012. ECF No. 40. The Court granted the motion on May 21, 2012. ECF No. 47. The second amended complaint was filed on the same day. ECF No. 45.

On May 11, 2012, the Trustee filed a motion for summary judgment as to his claim against Service Steel Warehouse. ECF No. 42. The Trustee correctly argues that the preference action against Service Steel Warehouse comes down to two issues: (i) whether the transfer of real property from Mr. Gonzalez to R&K was valid, and (ii) whether R&K was insolvent on the petition date and 90 days preceding that date. Although the Trustee bears the burden of proof as to both issues, R&K is presumed to have been insolvent 90 days before the petition date. Service Steel Warehouse must produce evidence to overcome the presumption.

Service Steel Warehouse filed a response on June 4, 2012. ECF No. 60. Service Steel Warehouse agrees that the two issues presented by the Trustee are dispositive. Service Steel Warehouse challenges both issues, arguing that the transfer of the property was not valid and that Mr. Gonzalez (according to Service Steel Warehouse, the owner of the Property) was not insolvent 90 days before the petition date.

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

(5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Summary Judgment Evidence

The Trustee provides the following summary judgment evidence:

- Affidavit of Ricardo Gonzalez, Pl's Ex. A, ECF No. 42-1, at 1;

- Warranty deed with vendor's lien, showing James B. Sterling, III and Ben G. Sterling, II as grantors and Ricardo Gonzalez

d/b/a Rick's Welding & Sandblasting Co. as grantee, Pl's Ex. 1, ECF No. 42-1, at 3;

- Special warranty deed, showing Ricardo Gonzalez d/b/a Rick's Welding & Sandblasting Co. as grantor and R&K Fabricating, Inc. as grantee, Pl's Ex. 2, ECF No. 42-1, at 7;

- Claims register for R&K's bankruptcy case, Pl's Ex. B, ECF No. 42-1, at 10;

- Affidavit of Michael J. Durrschmidt, ECF No. 42-1, at 19;

- February 16, 2012 letter from Trustee to Travis G. Newport, Pl's Ex. A-2, ECF No. 42-1, at 21;

- Harris County Court docket, Pl's Ex. D, ECF No. 42-1, at 25;

- Liberty Ready Mix, LP's abstract of judgment against R&K, Pl's Ex. E, ECF No. 42-1, at 27;

- Nations Rent, LLP's abstract of judgment, Pl's Ex. F, ECF No. 42-1, at 29;

- Frost National Bank's proof of claim, Pl's Ex. 1-B, ECF No. 61-1, at 1;

- Frost National Bank's abstract of judgment, Pl's Ex. 2-B, ECF No. 61-1, at 5;

- Nations Rent, LLP's abstract of judgment, Pl's Ex. 3, ECF No. 61-1, at 9;

- Affidavit of Ms. Hargis for Nations Rent that judgment is unpaid, Pl's Ex. 4, ECF No. 61-1, at 11;

- IRS's proof of claim for $477,970.59, Pl's Ex. 5, ECF No. 61-1, at 14;

- IRS's proof of claim for $23,306,30, Pl's Ex. 6, ECF No. 61-1, at 16;

- Service Steel Warehouse's proof of claim, Pl's Ex. 7, ECF No. 61-1, at 17;

- Application for turnover after judgment and for appointment of receiver, Pl's Ex. 8, ECF No. 61-1, at 20;

- Mr. Gonzalez's amended Schedule D, Pl's Ex. 9, ECF No. 61-1, at 24;

- Mr. Gonzalez's Schedule B, Pl's Ex. 10, ECF No. 61-1, at 25;

- Claims register for Mr. Gonzalez, Pl's Ex. 11, ECF No. 61-1, at 30;

- Amended Schedule F, Pl's Ex. 12, ECF No. 61-1, at 36;

- Mr. Gonzalez's supplement to Schedule F, Pl's Ex. 13, ECF No. 61-1, at 39;

- Mr. Gonzalez's supplement to Schedule D, Pl's Ex. 14, ECF No. 61-1, at 41;

- Liberty County District Court docket, Pl's Ex. 15, ECF No. 61-1, at 43;

- Superior Steel Supply's abstract of judgment, Pl's Ex. 16, ECF No. 61-1, at 46;

- Southern Steel lawsuit docket, Pl's Ex. 17, ECF No. 61-1, at 51; and

- March 23, 2012 letter from Trustee to Defendants' counsel, Pl's Ex. 18, ECF No. 61-1, at 52.

Service Steel Warehouse provides the following summary judgment evidence:

- Warranty deed with vendor's lien, showing Steve L. Browne as grantor and Ignacio J. Gonzalez and Richardo L. Gonzalez as grantees, Def's Ex. A, ECF No. 60-1;

- Warranty deed with vendor's lien, showing Weldon W. Alders as grantor and Herlinda Vazquez and Ricardo Gonzalez as grantees, Def's Ex. B, ECF No. 60-2; and

- Warranty deed with vendor's lien, showing Weldon W. Alders as grantor and Ricardo Gonzalez and Maria Bonilla as grantees, Def's Ex. C, ECF No. 60-3.

**Analysis**

The Trustee seeks to avoid Service Steel Warehouse's judgment lien against the Property as a preferential transfer under § 547 of the Bankruptcy Code.  Section 547(b) of the Bankruptcy Code enables a bankruptcy trustee to avoid any transfer:  (1) of an interest of the debtor in property; (2) to a creditor; (3) on account of an antecedent debt; (4) made while the debtor was insolvent; (5) made within the 90-day period preceding the filing of the debtor's bankruptcy petition; and (6) that enabled the creditor to receive more than it would have otherwise received in a chapter 7 bankruptcy proceeding had the preferential transfer not been made.  *Waite v. Cage (In re Moye)*, 458 F. App'x 385, 389 (5th Cir. 2012).

Service Steel Warehouse does not dispute any element of preferential transfer other than insolvency.

The Court concludes that there is no genuine dispute of material fact as to whether R&K was insolvent at the time Service Steel Warehouse recorded the abstract of judgment.  Under § 547(f), "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."

In addition to asserting the presumption of insolvency, the Trustee provides evidence that R&K was balance-sheet insolvent at the time the abstract of judgment was filed.  The Trustee asks the Court to take judicial notice of R&K's schedules and statements in the main bankruptcy case, Case No. 10-33878, ECF Nos. 16, 29, 91, 131, 132, 139, 211, and 256; the claims register in R&K's bankruptcy case, Pl's Ex. B; the agreement between R&K and Frontier Frac, Case No. 10-33878, ECF No. 142; the receivership action against Rick's Sandblasting in Harris County Court, Pl's Ex. D; and the outstanding ad valorem taxes due on the Property as of the petition date.  He also provides evidence that Liberty Ready Mix, LP and Nations Rent had filed abstracts

of judgment against the Property at the time of Service Steel Warehouse's abstract of judgment, and that neither of those debts had been paid. Pl's Exs. E & F. The total debt, according to the Trustee, is $1,907,585.57, while R&K's assets as of the petition date were no more than $900,000.00. ECF No. 42, at 7.

Service Steel Warehouse does not provide any evidence that R&K was solvent at the time of the transfer. Service Steel Warehouse instead argues that the transfer was invalid, that Mr. Gonzalez owned the Property at the time the abstract of judgment was recorded, and that Mr. Gonzalez was solvent at the time of the abstract of judgment. Because Service Steel Warehouse provides no evidence to rebut the presumption of R&K's insolvency, there is no genuine dispute as to R&K's insolvency. If the transfer of the Property to R&K was valid, Mr. Gonzalez's solvency is irrelevant.

The Court concludes that the transfer of the Property from Mr. Gonzalez to R&K was valid. The validity of the conveyance is a state law question and will be decided in accordance with Texas law. *Cook v. Frazier*, 765 S.W.2d 546, 550 (Tex. App.—Fort Worth 1989, no writ) ("The validity of an instrument conveying realty is determined by the laws of the jurisdiction in which it is located."). The conveyance of real property is subject to the statute of frauds; all deeds must be in writing. Tex. Bus. & Com. Code § 26.01(b)(4); *Kmiec v. Reagan*, 556 S.W.2d 567, 569 (Tex. 1977). The deed must also be sufficiently specific: "the writing must furnish within itself the means or data by which that particular land may be identified with reasonable certainty." *Kmiec*, 556 S.W.2d at 569. If a conveyance of an interest in real property does not sufficiently describe the land to be conveyed, it is void and unenforceable under the statute of frauds. *Nguyen v. Yovan*, 317 S.W.3d 261, 267 (Tex. App.—Houston [1st Dist.] 2009, pet.

denied). If enough appears in the description so that a person familiar with the area can locate the premises with reasonable certainty, it is sufficient to satisfy the statute of frauds. *Id.*

A description of metes and bounds is not necessary. If it is shown by extrinsic evidence that a grantor in a deed owns only a single tract answering the description, the land is identified with reasonable certainty. *Kmiec*, 556 S.W.2d at 569; *Lin v. Houston Cmty. Coll. Sys.*, 948 S.W.2d 328, 333 (Tex. App.—Amarillo 1997, writ denied); *see Maupin v. Chaney*, 163 S.W.2d 380, 383 (Tex. 1942) ("[I]f there appears in the instrument enough to enable one by pursuing an inquiry based upon the information contained in the deed to identify the particular property to the exclusion of others, the description will be held sufficient."). There are two requirements for a valid deed: (i) the deed must identify ownership of the property by using words such as "my property," "my land," or "owned by me," and (ii) it can be shown through extrinsic evidence that the party owns a tract and only one tract of land answering the description. *Kmiec*, 556 S.W.2d at 569 (citing *Pickett v. Bishop*, 223 S.W.2d 222, 223 (Tex. 19544); *see Sanderson v. Sanderson*, 109 S.W.2d 744, 267 (Tex. 1937) ("The contract . . . describes the land in Haskell county as Mrs. Kelton's farm in Haskell county. . . . If the evidence establishes the fact that Mrs. Kelton owned only one farm in Haskell county at the time the contract was executed, the description will be sufficient.").

The special warranty deed meets the first requirement. The special warranty deed identifies Ricardo Gonzalez as the grantor and conveys to R&K "all of [Gonzalez's] interest in the property[.]"

The special warranty deed also meets the second requirement. The Trustee's summary judgment evidence shows that Mr. Gonzalez owned only one tract of land fitting the description

on the deed. Although the deed does not include the metes and bounds description, it identifies the property as being located in Dayton, Liberty County, Texas:

> BEING ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND LOCATED IN DAYTON, LIBERTY COUNTY, TEXAS, AND SPECIFICALLY DESCRIBED BY METES AND BOUNDS CONTAINED WITHIN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES.

Pl's Ex. 2, ECF No. 42-1, at 7. Mr. Gonzalez provides evidence that the Property was the only tract of land he owned in Liberty County. His affidavit states:

> There was no Exhibit A attached to the Special Warranty Deed; however, the only property owned by me in Dayton, Liberty County, Texas was the real property I received from the Sterlings (the "Realty").

Pl's Ex. A, ECF No. 42-1, at 2. The Trustee also provides the original warranty deed conveying the Property to Mr. Gonzalez. Pl's Ex. 1, ECF No. 42-1, at 3. The original warranty deed includes an attached Exhibit "A" with a metes and bounds description of the Property.

Service Steel Warehouse asserts that the special warranty deed's description is inadequate because it "relies entirely on parol evidence." ECF No. 60, at 8. Service Steel Warehouse cites *Broaddus v. Grout*, 253 S.W.2d 308, 310 (Tex. 1953). In *Broaddus*, the Texas Supreme Court held that a deed was invalid where it was "identified only by the statement of ownership and by parol evidence not directly connected with descriptive data contained in the deed." 258 S.W.2d at 310. However, as Service Steel Warehouse itself points out, *Broaddus* is inapplicable; the *Broaddus* deed's description of the land supplied "no means and no data to indicate what 160-acre survey or where it is located, whether in Jefferson County or Hardin County, or some other county of the State of Texas, or in some county of some other state of the Union or elsewhere in the world, no means or data for identifying the land[.]" 258 S.W.2d at

309. The *Broaddus* deed was insufficient because "the land is identified only by the statement of ownership and by parol evidence not directly connected with descriptive data contained in the deed." *Id.* at 310. The special warranty deed conveying the Property to R&K does not rely entirely on parol evidence: the deed itself identifies the grantor and the location of the land in Dayton, Liberty County, Texas. The special warranty deed's identification points a prospective purchaser to the original warranty deed, which contains a metes and bounds description. If Mr. Gonzalez owned no other land in Dayton, Liberty County, Texas, then the description in the deed was sufficient to identify the land with reasonable certainty.

Service Steel Warehouse does not provide evidence that Mr. Gonzalez owned any other property in Liberty County. However, Service Steel Warehouse provides evidence that there are other individuals named Ricardo Gonzalez listed as grantees in the Liberty County records and implies that a prospective purchaser could not ascertain from the special warranty deed which Ricardo Gonzalez conveyed the Property to R&K.

The original warranty deed conveying the Property to Ricardo Gonzalez lists the grantee as "Ricardo Gonzalez d/b/a Ricks Welding and Sandblasting Co." and includes his mailing address in Robstown, Texas. The special warranty deed identifies the Grantor as "Ricardo Gonzalez d.b.a. Rick s Welding & Sandblasting, Co." and includes his mailing address in Dayton, Texas. Similarly named grantees in the Liberty County records include "Ignacio J. Gonzalez and Richard L. Gonzalez" of Splendora, Texas, Def's Ex. A; "Herlinda Vazquez and Ricardo Gonzalez" of Houston, Texas, Def.'s Ex. B; and "Ricardo Gonzalez and Maria Bonilla" of Dayton, Texas, Def's Ex. C. Service Steel Warehouse has not provided any evidence that these grantees actually were the same Ricardo Gonzalez who did business under the name Rick's

Welding & Sandblasting, nor does it provide evidence to rebut Mr. Gonzalez's testimony in his affidavit that the Property was the only real property he owned in Liberty County.

Service Steel Warehouse implies, however, that the similarity of the grantees' names renders the special warranty deed insufficient. If a person examining the record would be unable to determine which Ricardo Gonzalez was the grantor on the special warranty deed, then the identity of the Property itself would be unclear. The special warranty deed would therefore be insufficient.

The Court concludes that the existence of similarly named grantees does not affect the validity of the transfer. The necessity of using extrinsic evidence to identify a grantee does not negate the sufficiency of a deed. *See* 26A Corpus Juris Secundum: Deeds § 45 ("However, a deed is sufficient if the grantee can be identified by extrinsic evidence . . . . All the law requires is that the grantee be described in such terms that by reference to objective evidence otherwise available, his or her identity may be ascertained with reasonable certainty.") (citing *Hill v. Hill*, 102 P.3d 1131, 1133 (Idaho 2004) and *Journeay v. Berry*, 953 S.2d 1145, 1153-54 (Miss. App. 2007)).

Service Steel Warehouse's position is untenable. This point is illustrated by the practice of entering abstracts of judgment, and even by reference to Service Steel Warehouse's own abstract of judgment. An abstract of judgment may be entered against all of a judgment-debtor's property in a particular county. (Service Steel Warehouse, for example, obtained an abstract of judgment against all of R&K's and Mr. Gonzalez's property in Liberty County.) The judgment lien does not attach to all property owned by any person with the same name as the judgment-debtor, nor does it cloud title to all property owned by similarly named persons. (To illustrate, Service Steel's abstract of judgment against Mr. Gonzalez does not attach to property owned by

other persons named Ricardo Gonzalez.) Instead, a proper investigation of title shows which properties are owned by the judgment-debtor. By analogy, if Service Steel Warehouse is correct that the deed from Gonzalez fails because the correct Ricardo Gonzalez cannot be identified, then Service Steel Warehouse's abstract of judgment would fail for the identical reason. In reality, neither is rendered invalid merely because there are multiple Ricardo Gonzalez land holdings in Liberty County.

Service Steel Warehouse does not contest that the Ricardo Gonzalez listed as grantee on the original warranty deed was the same Ricardo Gonzalez who was listed on the special warranty deed. On both deeds, Mr. Gonzalez was also identified by his business name, Rick's Welding & Sandblasting.

Service Steel Warehouse also provides no evidence that the Richardo Gonzalez listed on Def's Ex. A, the Ricardo Gonzalez on Def's Ex. B, and the Ricardo Gonzalez on Def's Ex. C were the same person as Mr. Gonzalez. The grantees' mailing addresses are stated on the deeds, and the precise identity of both grantees could be ascertained through reasonable investigation. There is no confusion as to which Ricardo Gonzalez executed the special warranty deed. The evidence therefore shows that the Property was the only real property Mr. Gonzalez owned in Liberty County at the time the special warranty deed was executed.

The Court concludes that the special warranty deed sufficiently describes the Property. The transfer of the Property was valid, and R&K was the owner of the Property at the time the abstract of judgment was entered. As discussed above, there is no genuine dispute as to whether R&K was insolvent at the time Service Steel Warehouse recorded its abstract of judgment. Because the remaining elements of a preferential transfer action are not contested, the Trustee is entitled to summary judgment.

Service Steel Warehouse moves to continue the Trustee's motion. Service Steel Warehouse argues that further discovery is needed on the value of the Property in order to show Mr. Gonzalez's solvency at the time of the transfer. As noted above, Mr. Gonzalez's solvency is not relevant. There is no need for additional discovery. The Court denies Service Steel Warehouse's motion to continue and grants the Trustee's motion for summary judgment.

The Trustee seeks legal fees for bringing this declaratory judgment action. A declaratory judgment action in federal court is governed by the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. *See Harmon v. Lighthouse Capital Funding, Inc. (In re Harmon)*, 2011 WL 1457236, at *5 (Bankr. S.D. Tex. Apr. 14, 2011) (noting that the Federal DJA is procedural in nature and governs declaratory judgment actions in federal court). The Federal DJA does not provide for the recovery of legal fees and expenses. *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir. 1988). Recovery of legal fees under the Federal DJA is confined to two situations: (i) where, under the restrictive American Rule, legal fees are allowed; and (ii) where controlling substantive law permits recovery. *Id.* at 216 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975)). Under the American Rule, a court has equitable power to award legal fees without express statutory authorization only in limited circumstances—for example, under the "common fund" exception, in cases of bad faith, vexation, wantonness, or oppression relating to the filing or maintenance of the action, or other specific circumstances. *Id.* at 218.

The Trustee has not alleged any express statutory authorization for legal fees other than the Texas Declaratory Judgment Act. Because the Texas DJA is procedural law, it does not apply to actions in federal courts. *Harmon*, 2011 WL 1457236, at *5. The Trustee also has not

alleged any of the limited circumstances warranting legal fees. The Court therefore denies summary judgment as to the Trustee's claim for legal fees.

The Trustee requests, in his motion for summary judgment, that Service Steel Warehouse's claim against R&K be disallowed under 11 U.S.C. § 502(d) until at least fourteen days after Service Steel Warehouse records a release of its abstract of judgment and reimburses the estate's legal fees. Section 502(d0 provides for the disallowance of claims held by entities that are liable to the estate for payment of money or for the return of property. In this case, Service Steel Warehouse is neither liable for the payment of money nor for the return of property. Nevertheless, the Court orders that Service Steel Warehouse release R&K's property from its lien. Failure to comply may result in an award of compensation or legal fees to the Trustee, but will not result in the disallowance of Service Steel Warehouse's claim.

## Conclusion

The Court grants the Trustee's motion for summary judgment against Service Steel Warehouse as to the Trustee's claim for declaratory judgment but denies summary judgment as to the Trustee's claim for legal fees and his request for disallowance of Service Steel Warehouse's claim. The Court's final judgment will avoid Service Steel Warehouse's lien.

Because no cross-motion for summary judgment has been filed by Service Steel Warehouse, the legal fees issue cannot be fully resolved by this Memorandum Opinion. The Trustee is given 14 days to withdraw his claim for legal fees or to seek reconsideration of this ruling.

SIGNED **June 11, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE