

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/26/2012

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 10-33878 |
| R&K FABRICATING, INC., *et al* | § § | CHAPTER 11 |
| Debtor(s). | § § § | JUDGE ISGUR |
| MICHAEL J. DURRSCHMIDT | § § § | |
| Plaintiff(s), | § § | |
| vs. | § § | ADVERSARY NO. 12-03177 |
| FROST NATIONAL BANK, *et al* | § § § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

After reviewing the Chapter 11 Trustee, Michael Durrschmidt's ("Trustee") Motion to Reconsider Denial of Attorney's Fees and B.R. 502(d) Relief Regarding Summary Judgment as to Service Steel Warehouse Co., L.P. ("Service Steel") (ECF No. 66), the Court finds that its initial denial of the Trustee's attorney's fees was proper.

### Background

R&K Fabricating, Inc. ("R&K") is a fabricating company that manufactures frac tanks. (ECF NO. 45 at 6). Ricardo Gonzalez is the principal owner of R&K. (ECF No. 45 at 7). As a result of the 2008 financial crisis, R&K began receiving cancellation notices on tank orders and becoming delinquent on its accounts payable. (ECF No. 45 at 6). This led to R&K filing a voluntary chapter 11 petition on May 5, 2010. Case No. 10-33878. Mr. Gonzalez filed an individual case on the same day. Case No. 10-33880. On March 25, 2011, an Agreed Motion to Appoint Trustee was filed by the United States Trustee. (ECF No. 45 at 7). The Trustee was appointed on March 31, 2011. (ECF No.45 at 7).

On or about January 7, 1997, Mr. Gonzalez d/b/a Ricks Welding and Sandblasting Co., ("Ricks Welding") acquired 4.695 acres of land in Dayton, Liberty County Texas ("the Realty"). (ECF No. 45 at 8). On May 16, 2005, Ricks Welding conveyed the Realty by special warranty deed to R&K. (ECF No. 45 at 9).

On April 18, 2008, Service Steel obtained a state court judgment against R&K and Mr. Gonzalez in the amount of $165,000.00. (ECF No. 60 at 3). An Abstract of the judgment was filed in the Official Public Records of Real Property Records of Liberty County, Texas, on February 4, 2010. (ECF No. 60 at 3). The Abstract listed R&K and Mr. Gonzalez as the defendants. (ECF No. 45-1 at 9).

On February 13, 2012, the Trustee filed Amended Schedule A to reflect R&K's ownership of the Realty. (ECF No. 45 at 9). Mr. Gonzalez also filed an Amended Schedule A in his personal bankruptcy case to reflect that he is not the owner of the Realty. (ECF No. 45 at 9).

On April 4, 2012, the Trustee filed this adversary proceeding against Service Steel and other defendants. (ECF No. 1). In pertinent part the Trustee sought a declaratory judgment that Service Steel's judgment lien was preferential as it was recorded within the preference period of section 547 of the Bankruptcy Code. (ECF NO. 45 at 17). The Trustee sought declaration that Service Steel's judgment lien was invalid and that Service Steel should only be allowed one unsecured claim. (ECF No. 45 at 18).

The Trustee filed his Motion for Summary Judgment as to Service Steel on May 11, 2012. (ECF No. 42). The Motion was granted by order issued June 11, 2012. (ECF No. 63). While the Court granted the Trustee's Motion, it denied his request for attorney's fees. (ECF No. 63 at 17-18). The Court held that the Trustee did not allege any express statutory authorization for his legal fees other than the Texas Declaratory Judgment Act ("TDJA"). (ECF No. 63 at 17-18). Because the TDJA is procedural law, it does not apply to actions in federal courts. (ECF No. 63 at 17-18).

On June 22, 2012, the Trustee filed the instant motion to reconsider the denial of his fees. (ECF No. 66). Service Steel filed its Response to Trustee's Motion for Reconsideration on June 28, 2012. (ECF No. 75).

**Analysis**

When a state court proceeding is removed to federal bankruptcy court, the bankruptcy court will resolve the state law claims in accordance with applicable state substantive law. *Harmon v. Lighthouse Capital Funding, Inc. (In re Harmon)*, 2011 WL 1457236, at *4 (Bankr. S.D. Tex. April 14, 2011). However bankruptcy courts must apply federal rules of procedure. *Id*. Both the TDJA and the Federal Declaratory Judgment Act ("FDJA") are procedural in nature. *Id*, at *5. Therefore when a TDJA suit is removed to federal court it will be treated as though it were originally filed under the FDJA. *Id*. Because the FDJA will apply when a case is removed to federal court, a TDJA plaintiff will generally be unable to recover legal fees and expenses. *Id*. The TDJA will be treated as procedural in federal court regardless of whether a claim arose through a federal question or diversity. *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998).

The Trustee argues that TDJA § 37.004(a) is substantive law because it grants a person interested under a deed the legal right to have questions of construction or validity determined. (ECF No. 66 at 3). The Trustee relies on the Fifth Circuit's holding in *Garza v. Coates Energy Trust, et al. (In re Garza)*, that courts may resolve real property disputes under the TDJA when the claim is for both trespass to try title and declaratory relief. 90 Fed. Appx. 730 (5th Cir. 2004). The *Garza* court acknowledged that an action to quiet title cannot be the basis for an award of fees. If however in conjunction with an action to quiet title, there must first be a declaratory judgment regarding construction or validity of a lien, then fees can be awarded under the TDJA. The Trustee argues that exactly like in *Garza*, the initial fundamental issue in this case was the determination of the construction and validity of the deed.

3 / 4

Two years after the *Garza* decision the Fifth Circuit issued *Camacho v. Texas Workforce Commission*. The court reasserted its holding from the *Utica* decision saying that a party may not rely on the TDJA to authorize attorney's fees in a diversity case because the statute is not substantive. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006). The court also held that *Utica* applies equally to cases that arrive in federal court in diversity or via a federal question. *Id*. The court found that neither the *Garza* or *Kona Tech. Corp. v. S. Pac. Transp. Co.* cases (which reach the opposite result of *Utica*) affect *Utica's* precedential value because the earliest of conflicting panel decisions controls. *Id*. at 410. Therefore based on the holding in *Camacho*, the Trustee is not entitled to his attorney's fees under the TDJA even if he sought declaratory relief in conjunction with an action to quiet title.

In Service Steel's Response to Trustee's Motion to Reconsider, it asserts that the Trustee is attempting to word his claim as a declaratory judgment act to circumvent precedent forbidding attorney's fees in a title claim. (ECF No. 75 at 4). Whether the Trustee's claim is classified as an action to quiet title or a declaratory judgment under the TDJA is immaterial because under either circumstance the Trustee is not entitled to fees.

## Conclusion

The Court will issue an order consistent with this memorandum opinion.

SIGNED **November 26, 2012.**

                                    Marvin Isgur
              UNITED STATES BANKRUPTCY JUDGE